[L. A. No. 15588. In Bank.—June 19, 1936.]

BUEL R. WOOD, Petitioner, v. THE STATE BAR OF CALIFORNIA, Respondent.

534

Maurice C. Myers for Petitioner.

Philbrick McCoy for Respondent.

CURTIS, J.—This is a proceeding to review the recommendation of the Board of Governors of The State Bar that petitioner be suspended from practice for a period of six months. Petitioner is charged with conduct involving moral turpitude and dishonesty in that petitioner secured a loan of $100 from employees of a client in order to secure his own release from jail on a charge of intoxication and reckless driving, and thereafter gave his check for that amount knowingly drawn on a bank wherein his account had been closed more than six months previously, and failed and neglected for more than six years to make good said check.

There is no doubt, as it is clearly shown by the record, that in October, 1929, petitioner requested one Edward H. Kane, an employee of the Pacific Loan & Investment Company, at that time a client of the firm of Medlar & Wood of which petitioner was a member, to furnish him with $100 in cash, stating that he had been arrested in Compton, California, on a charge of intoxication and reckless driving, and that unless he could raise the $100 he would be forced to spend Sunday in jail. Kane out of his own personal funds, together with funds borrowed from two other co-employees, furnished petitioner with the $100 upon petitioner's promise to send him a check for that amount just as soon as he got back to Los Angeles. There is also no

doubt that petitioner sent a check for $100 to Kane for although the check was subsequently mislaid by Kane, and was not available at the hearing before the local administrative committee, Kane testified that he received said check the following Monday and his testimony was corroborated by the two coemployees who testified that they personally had seen the check. Petitioner does not deny having sent the check. Thereafter, according to the testimony of Kane, the check was presented to the Bank of America for payment and was returned with the notation, ''No Funds''. It developed at the hearing that the account of petitioner had been closed in March, 1929. In March, 1935, petitioner was cited to appear before local administrative committee No. 14 upon said charge. At the hearing petitioner admitted that he must have gotten the money from Kane, stated that he did not remember whether or not he had issued any check therefor, and stated by way of explanation that at that time he was an alcoholic, had been in jail several times, but that shortly thereafter he had realized the seriousness of his condition, had given up his practice of law, and had shut up his office, and had gone to the mountains for over nine months, during which time he had not touched a drop of liquor, and had completely rehabilitated himself. The local administrative committee, after making findings affirming the charges made against him and finding that such conduct constituted moral turpitude and dishonesty within the meaning of subdivision 5 of section 287 of the Code of Civil Procedure, recommended discipline in the form of a reprimand. The reason given by the local administrative committee for such recommendation was that the acts had been committed by the petitioner during a period of time when he was over-indulgent in drink, and he claimed to have rehabilitated himself and to have ceased drinking entirely.

This recommendation of the local administrative committee was, of course, only advisory. The petitioner, upon being cited to appear before the Board of Bar Governors, failed and neglected to appear at the time and place set. The hearing was therefore postponed and petitioner again notified to appear for oral argument to show cause why the decree of discipline recommended by the local committee should not be increased. Petitioner did not appear, but communicated

with the board, stating that he had nothing to add to the record. Thereupon the Board of Bar Governors approved and adopted the findings of the local administrative committee, but instead of a reprimand, recommended that petitioner be suspended from practice of the law in the state of California for a period of six months.

Although petitioner claims to have rehabilitated himself, his failure to pay an honest debt and reimburse a friend who had stood by him in a time of need, and his attitude toward the Board of Bar Governors when cited to appear before them, afford no basis for a belief that he recognizes the seriousness of his conduct in issuing a check without sufficient funds which at the time of its commission was a criminal offense. ■ We are of the opinion that a claim by an attorney of rehabilitation should be evidenced by an honest attempt to make whatever amends are necessary to clear his record of past misconduct, as well as by an attitude of cooperation with those persons whose legal duty it is to investigate his conduct and make proper recommendations to this court. The seriousness of the charge against petitioner could have been considerably minimized by a proper attitude on the part of petitioner after his rehabilitation. Under the circumstances as presented by the record, we are satisfied that the penalty recommended by the Board of Bar Governors was proper.

It is therefore ordered that petitioner be and is hereby suspended from the practice of law in this state for a period of six months, said period of suspension to commence thirty days from and after the date of the filing of this order.

Shenk, J., Langdon, J., Waste, C. J., Thompson, J., and Seawell, J., concurred.